EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
JONATHAN K. RENNER
Supervising Deputy Attorney General
JEFFREY I. BEDELL, State Bar No. 232287
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 322-6103
  Fax: (916) 324-8835
  Email: Jeff.Bedell@doj.ca.gov

Attorneys for Edmund G. Brown Jr., Attorney General of the State of California, in his official capacity

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>                Plaintiff,<br><br>v.<br><br>THE DEPARTMENT OF CORRECTION, ET AL.,<br><br>                Defendants. | 5:07-mc-80227-JF<br><br>**RESPONSE OF ATTORNEY GENERAL TO COURT'S ORDER REGARDING PLAINTIFFS' REQUEST FOR CLARIFICATION**<br>[Docket #'s 23, 24]<br><br>Action Filed: September 19, 2007<br>Judge:    The Honorable<br>                Jeremy Fogel |

      Defendant Edmund G. Brown Jr., Attorney General of the State of California, in his official capacity (Attorney General) responds to the Court's Order regarding plaintiff's request for clarification of the stay issued in this matter. (Docket # 23, 24.)

///

///

///

Attorney General's Response to Order Regarding Plaintiff's Request for Clarification     Doe, John v. The Department of Correction, et al.<br>5:07-mc-80227-JF

1

**STATEMENT OF FACTS**

Plaintiff John Doe (Doe) filed on September 17, 2007, an application for a temporary restraining order (Application for TRO). (Docket # 1) Doe's Application for TRO challenged the constitutionality of the residency, but not the global positioning system (GPS) monitoring provisions, of the Sexual Predator Punishment and Control Act: "Jessica's Law" (SPPCA), which California voters enacted on November 7, 2006. *See* Cal. Penal Code § 3003.5(b) (residency provision); *see also* § 3004(b) (GPS monitoring for life); § 3000.07(a) (GPS monitoring during parole). The named defendants are the California Department of Corrections and Rehabilitation (CDCR) (sued as the "Department of Correction") and the Attorney General.

The Court issued an Order to Show Cause on September 19, 2007, denying Doe's Application for TRO "at this juncture." (Docket # 7, 1:25) The Court construed Doe's Application for TRO as "attempting to allege that the SPPCA is being given impermissible retroactive effect as to him." (*Id.* at 2:1-2.) [citing *Doe v. Schwarzenegger*, 476 F.Supp.2d 1178, 1180-81 (E.D.Cal. 2007)]. Prior to the Attorney General filing a response to the Show Cause Order, CDCR filed an Opposition to the TRO requesting the Court stay the entire case pending decision by the California Supreme Court in four consolidated habeas corpus challenges to "Jessica's Law." (*See T. (K.) on H.C.* et al., order to show cause issued December 12, 2007, S157634.) The Court issued a stay in this case pending decision by the California Supreme Court. (Docket #20.)

Thereafter, Doe filed a letter with this Court on March 11, 2008, stating, in part, that his parole officer "has instructed me that as soon as he gets word [from] the defendants that the stay also applies to me he will not impose [Jessica's Law] on me pending a final decision from the Supreme Court. However if it is true that [Jessica's Law does] apply and I'm not [in compliance] I will be subject to arrest for violating [Penal Code § 3003.5] the residence restriction." (Docket # 23 at p. 1.) The Attorney General is unclear how imminent is the action Doe's parole officer is contemplating and whether Doe's parole officer meant to communicate to Doe that he should move immediately or be arrested.

///

**LEGAL ARGUMENT**

The Attorney General cannot offer any additional facts in response to the request for clarification from the Court because he has not taken, and is not taking, any action against Doe. (Docket # 7, 1:25) Doe brings an as-applied rather than facial challenge to "Jessica's Law" because his complaint "may be attempting to allege that the SPPCA is being given impermissible retroactive effect *as to him*." (Docket #7, at 2:1-2) (emphasis supplied.) The Notice to Comply and Modified Condition of Parole sent to Doe on August 23, 2007, ordering Doe "to move from his non-compliance residence within 45 days" that apparently precipitated this lawsuit was sent by the Board of Parole Hearings. (Docket # 1, at ex. A.) The Board of Parole Hearings under state law is a part of CDCR. Cal. Gov't Code, § 12838 ("The Department of Corrections and Rehabilitation shall [include] . . . the Board of Parole Hearings . . . .")

The complaint contains no factual allegation that the Attorney General has contacted Doe, is supervising his parole, or has otherwise threatened him with enforcement of "Jessica's Law." To the extent the complaint recites any factual allegations against the Attorney General, these appear to be facts that were cut-and-pasted from Judge Karlton's opinion in *Doe v. Schwarzenegger*. Similar to his Complaint, Doe's March 11th letter makes no specific allegation that the Attorney General has contacted him or taken any steps to make Doe move his residence. At most, Doe's March 11th letter alleges that his parole officer has contacted him to inform him that Doe is not in compliance with the residency restrictions of "Jessica's Law" and may face some type of enforcement action initiated by his parole officer.

When, and if, the stay of this Court is lifted, the Attorney General will move for an order dismissing him from this action based on Eleventh Amendment immunity and Does' lack of standing. "The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (citations omitted); *see Almond Hill Sch. v. U.S. Dept. of Agric.*, 768 F.2d 1030, 1033 (9th Cir. 1985). "[W]hen the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Penhurst*, 465 U.S. at 101-02 (citation omitted).

The Supreme Court recognized a limited exception to Eleventh Amendment immunity in *Ex parte Young*, 209 U.S. 123 (1908). The *Ex parte Young* exception allows "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005). Additionally, however, for the *Ex parte Young* exception to apply "such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quoting *Ex parte Young*, 209 U.S. at 157). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

The Attorney General has not enforced and is not enforcing the provisions of "Jessica's Law" against Doe. There is no connection of any kind between the Attorney General and any threat to Doe's interests as required by *Ex Parte Young*. The Attorney General is simply not a proper defendant. Nor is his presence necessary in this action, where already named as a defendant is CDCR, which is the governmental entity actually enforcing "Jessica's Law" as to Doe. In sum, the Attorney General has no facts to provide the Court for clarification because he is not taking any action against Doe.

Dated: March 28, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

JONATHAN K. RENNER
Supervising Deputy Attorney General

*/s/ Jeffrey Bedell/*

JEFFREY I. BEDELL
Deputy Attorney General
Attorneys for Edmund G. Brown Jr., Attorney General of the State of California, in his official capacity

## CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:   Doe, John v. The Department of Correction, et al.
No.:   **5:07-mc-80227-JF**
I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 28, 2008, I served the following documents: **RESPONSE OF ATTORNEY GENERAL TO COURT'S ORDER REGARDING PLAINTIFFS' REQUEST FOR CLARIFICATION** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

| | |
|---|---|
| John Doe<br>1207 Lancelot Lane<br>San Jose CA  95127<br>Plaintiff, In Pro Se | |

### Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

   No e-mail recipients

### Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

| | |
|---|---|
| John Doe<br>1207 Lancelot Lane<br>San Jose CA  95127<br>Plaintiff, In Pro Se | |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 28, 2008, at Sacramento, California.

| Brenda Sanders | *Brenda Sanders* |
|---|---|
| Declarant | Signature |